IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRIS DANIELS,

        Plaintiffs,                      No. CIV S-07-1501 GEB GGH

    vs.

FINISH LINE, INC., et al.,         ORDER

        Defendants.

_____/

        The parties have sought to have the court sign a protective order which contains seemingly conflicting provisions regarding how documents designated by the parties as "confidential" are filed under seal. On the one hand, the proposed order permits a party to file with the court papers labeled "confidential." On the other hand, it purports to require a party to file a motion for order permitting filing under seal, or "in accordance with [court] practices." It also appears to place the burden on the party objecting to the confidential designation to apply to the court to have the designation removed.

        Discovery information disclosed in court filings generally is available to the public. See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public").[1]

---

[1] A party may have the right to protect from public disclosure information which has been produced to the other party only because of discovery and which has not been filed with the court. Seattle Times v. Rhinehart, 467 U.S. 20, 33, 37, 104 S. Ct. 2199, 2207, 2209 (1984).

1

1  Protective orders safeguard the parties and other persons in light of the otherwise
2  broad reach of discovery. <u>United States v. CBS, Inc</u>., 666 F.2d 364, 368-69 (9th Cir. 1982). The
3  court has great discretion to issue protective orders if discovery causes annoyance,
4  embarrassment, oppression, undue burden, or expense. <u>B.R.S. Land Investors v. United States</u>,
5  596 F.2d 353, 356 (9th Cir. 1979). Good cause, however, is required to obtain a protective order.
6  Fed. R. Civ. P. 26(c); <u>Foltz v State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1130 (9th Cir.
7  2003); <u>Phillips v. General Motors Corp.</u>, 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the
8  public can gain access to litigation documents and information produced during discovery unless
9  the party opposing disclosure shows 'good cause' why a protective order is necessary").

10  "Good cause" to bar the public from litigation documents must be more than
11  mere desire. The party seeking protection must show specific prejudice or harm, including, with
12  respect to individual documents, particular and specific need. <u>Id.</u>; <u>San Jose Mercury News, Inc.</u>,
13  187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, <u>Federal Civil Procedure
14  Before Trial</u> § 11:88. "If a court finds particularized harm will result from disclosure of
15  information to the public, then it balances the public and private interests to decide whether a
16  protective order is necessary." <u>Phillips</u>, 307 F.3d at 1211 (citing <u>Glenmade Trust Co. v.
17  Thompson</u>, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

18  Accordingly, if the parties desire a protective order to be filed in this court, the
19  parties shall submit a protective order which permits a filing under seal only upon a
20  particularized showing of good cause.
21  IT IS SO ORDERED.
22  Dated: 05/19/08                     /s/ Gregory G. Hollows
                                        U.S. Magistrate Judge
23
    GGH:076/Daniels1501.po.wpd
24
25
26

2